IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-20-057-RAW |
| | ) |
| LEROY JEMOL SMITH, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the court is the defendant's motion to dismiss. The indictment charges defendant with four counts of aggravated sexual abuse in Indian country. The case commenced by the filing of a criminal complaint on July 24, 2020. The indictment was filed August 17, 2020. Defendant seeks dismissal based on expiration of the statute of limitations.

A statute of limitations reflects a legislative judgment that, after a certain time, no quantum of evidence is sufficient to convict. *United States v. DeLia,* 906 F.3d 1212, 1217 (10th Cir.2018)(citation omitted). This time limit is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. *Id.* (citation omitted). Criminal statutes of limitation are to be liberally interpreted in favor of repose. *Id.* at 1222 (citation omitted).

Count One alleges that the crime was committed on or about January 20, 1993. Count Two alleges that the crime was committed on or about February 3, 1993. Count Three alleges that the crime was committed on or about July 16, 1993. Count Four alleges that the crime was committed on or about October 3, 1995. The general statute of limitations for non-capital federal crimes is five years. *See* 18 U.S.C. §3282(a). Therefore, defendant argues, the statute of limitations for the latest of defendant's alleged conduct expired in October, 2000.

Evidently, the perpetrator of the alleged crimes was listed as "unknown" until DNA evidence implicated the defendant in May and June of 2020. The government relies on 18 U.S.C. §3297, which provides that "[i]n a case in which DNA testing implicates an identified person in the commission of a felony, no statute of limitations that would otherwise preclude prosecution of the offense shall preclude such prosecution until a period of time following the implication of the person by DNA testing has elapsed that is equal to the otherwise applicable limitation period."

An application note to the statute states: "The amendments made by this section shall apply to the prosecution of any offense committed before, on, or after the date of the enactment of this section [Oct. 30, 2004] if the applicable limitation period has not yet expired."

Thus, if the generally applicable statute of limitations had not expired when §3297 was enacted (October, 30, 2004), then §3297 provides an extension. Section 3297, however, "does not purport to revive prosecutions for offenses with limitation periods

that had already expired when the statute was enacted." *United States v. Hano,* 922 F.3d 1272, 1286 (11th Cir.2019). Indeed, it could not, because "the Supreme Court has held that a statute that revives a limitations period that has already expired would offend the Ex Post Facto Clause." *United States v. Loman,* 597 Fed.Appx. 518, 522-23 (10th Cir.2015)(citing *Stogner v. California,* 539 U.S. 607 (2003)).*

Both parties have also mentioned 18 U.S.C. §3299, which was enacted on July 27, 2006. That statute eliminated the statute of limitations for many felony sex offenses. Defendant admits that his "alleged crimes fall within chapter 109A," which is a type of crime specified in §3299 (#13 at 7). Again, however, the same analysis as employed above is applicable, because the original statute of limitations expired before enactment of §3299 as well. *See. e.g., United States v. Vickers,* 2014 WL 1838255, *8 (W.D.N.Y. 2014).

Finally, the government contends that the *Hano* decision is distinguishable because of the Supreme Court decision in *McGirt v. Oklahoma,* 140 S.Ct. 2452 (2020), which held that (for purposes of the Major Crimes Act) areas in eastern Oklahoma remain "Indian country," and Oklahoma state courts lack jurisdiction. The government argues: "Unlike in *Hano*, the federal government in the case at bar did not have jurisdiction to prosecute the defendant in 1993, 1994, 1995, nor in the years after. Federal jurisdiction

---

*It is true that "when DNA evidence is available, the reasons for having a statute of limitations are significantly attenuated." *United States v. Hagler,* 700 F.3d 1091, 1098 (7th Cir.2012). "Or, put another way, §3297 extends the limitations period in DNA cases because DNA evidence is uniquely precise." *Id.* This observation does not alter the constitutional principle discussed in *Stogner.*

3

was not conferred upon the United States until after the *McGirt* case was decided." (#22 at 12).

In this court's view, *McGirt* does not make *Hano* distinguishable in a pertinent way. The original statute of limitations had expired prior to the statutes of "extension" being enacted. Accordingly, under *Stogner*, this prosecution is time-barred.

It is the order of the court that the motion of the defendant to dismiss (#13) is hereby granted. The indictment is dismissed.

Defendant's motion for hearing (#26) is deemed moot.

The court hereby directs the United States Marshal to release the defendant from custody.

**ORDERED THIS 27th DAY OF AUGUST, 2020.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma