## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-20-057-RAW |
| | ) | |
| LEROY JEMOL SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is the government's emergency motion to reconsider or motion to stay. On August 27, 2020, the court entered an order dismissing the indictment in this case as time-barred and ordering the defendant released. As a practical matter, the present motion is moot because defendant was released before the present motion was filed. The court will address the arguments, however.

First, the government argues that the court failed to comply with 18 U.S.C. §3771(a)(4). That provision states that victims of a crime have the right "to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." Such authority as exists observes that this "does not include typical evidentiary hearings such as competency hearings, motions to suppress, or trial." *United States v. Mitchell,* 2009 WL 3181938 n.3 (D. Utah 2009).

*A fortiori*, the provisions of the Crime Victims' Rights Act (CVRA) seem inapplicable to a pretrial motion decided as a matter of law without a hearing. The government argues that counsel for both sides anticipated a hearing and that "[b]y ordering the Defendant

released without any notice or hearing, the victims have not been afforded the right to timely notice involving the release of Defendant as directed by 18 U.S.C. §3771(a)(2)." (#29 at 2). Under the government's logic, a hearing is required as to any motion to dismiss if the provisions of the CVRA have been invoked. The court is not persuaded this is the correct interpretation of the word "release" in the statute. Rather, it appears to contemplate pretrial release on bond, for example. The government also does not relate the bearing a victim's statement would have on the purely legal issue of statute of limitations, as in the case at bar. The court does not diminish the purpose of the CVRA and has always sought to comply with it, but the Act's application to the present circumstance is not evident. The motion to reconsider is denied.

Second, the government requests a stay of the court's ruling pending possible appeal. Rule 8(c) of the Federal Rules of Appellate Procedure provides that Rule 38 of the Federal Rules of Criminal Procedure governs a stay in a criminal case. The court is persuaded that (at least at the district court level) "[n]owhere in Rule 38 . . . is there authority for issuing a stay of an order of dismissal or judgment of dismissal." *United States v. Figueroa-Taveras,* 2002 WL 31749390, *1 (S.D.N.Y.2002). There would seem to be a due process issue in requiring a defendant to remain incarcerated after the district court has dismissed the indictment, absent some other detainer.

2

It is the order of the court that the motion of the government (#29) is hereby denied.

**ORDERED THIS 31st DAY OF AUGUST, 2020.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

3